UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Pamela N. Pogue**, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 2:21-cv-505 |
| | ) Plaintiff Demands Trial by Jury |
| **Experian Information Solutions, Inc.,** | ) |
| **Equifax Information Services, LLC**, and | ) |
| **Selene Finance, LP**, | ) |
| *Defendants.* | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Pamela N. Pogue, by and through the undersigned counsel, and complains against Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC and Selene Finance, LP as follows:

### PRELIMINARY STATEMENT

1. Plaintiff seeks equitable and monetary relief because of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter, "FCRA"), which contains certain causes of action, duties, limitations and prohibitions against furnishers of information and credit reporting agencies.

### STATEMENT OF JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendants transact business within this District, the conduct complained of relates to a parcel of real property situated within this District, and the conduct complained of relates to a

bankruptcy that was successfully completed in this District.

## STATEMENT OF THE PARTIES

3.     Plaintiff Pamela N. Pogue ("Ms. Pogue") is a natural person, is over the age of majority, recently became a resident and citizen of Escambia County, Florida, and is an individual consumer aggrieved by the unlawful conduct of the above-identified Defendants. Ms. Pogue is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4.     Defendant Experian Information Solutions, LLC ("Experian") is a Foreign Corporation and has a principal place of business at 505 City Parkway West, Orange, California 92668. Experian is a consumer reporting agency, as defined by 15 U.S.C. § 1681(f), that regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

5.     Defendant Equifax Information Services, LLC ("Equifax") is a Foreign Limited Liability Company and has a principal place of business at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309. Equifax is a consumer reporting agency, as defined by 15 U.S.C. § 1681(f), that regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

6.     Defendant Selene Finance, LP ("Selene") is a Foreign Limited Partnership, has a principal place of business at 9990 Richmond Avenue, Suite 100, Houston, Texas 77042, and is engaged in the business of collecting and servicing consumer mortgage accounts. Selene is a "furnisher of information", as defined by 15 U.S.C. § 1681s-2(a) and (b), that regular and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer

transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

7. Ms. Pogue incorporates herein by reference each of the foregoing paragraphs.

8. On June 15, 2011, Ms. Pogue filed a *Voluntary Petition* under Chapter 13, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 11-10978 ("Bankruptcy Case").

9. On July 11, 2016, the Bankruptcy Court entered an *Order Granting Motion for Chapter 13 Discharge under Section 1328(a)* ("Discharge Order") to Ms. Pogue.

10. The Discharge Order extinguished Ms. Pogue's *in personam* liability on a mortgage loan debt serviced and reported by Selene. This is the mortgage loan account at issue in this case.

11. In or around the first quarter of 2021, Ms. Pogue submitted an application for a loan to purchase and/or refinance an existing loan related to certain real property. The application was denied due to inaccurate reporting by Selene.

12. Specifically, relative to the inaccurate reporting, Selene was reporting and continues to report to one or more credit reporting agencies that Ms. Pogue has a balance of approximately $266,079.00 related to the mortgage loan, with a normal monthly payment of $1,902.00, and with the last payment made in December 2020, related to the discharge debt.

13. Ms. Pogue promptly filed disputes with Equifax, Experian and Trans Union, LLC. Ms. Pogue disputed that she owed the debt and provided all relevant bankruptcy (filing and discharge) information with each dispute.

14. On April, 2021, Equifax mailed an investigation results letter to Ms. Pogue which states that Equifax has verified that the account with Selene belongs to Ms. Pogue, that the account has been updated, that the account balance as of March 12, 2021 is $266,079.00, that the last payment was made in December 2020, and that the regularly scheduled payment amount is $1,902.00. The reporting is inaccurate as Ms. Pogue has no *in personam* or individual liability on the subject account and/or that Ms. Pogue does not owe a balance on the subject account.

15. On May 25, 2021, Experian mailed an investigation results letter to Ms. Pogue which states that the account balance as of May, 2021 is $266,079.00, that the last payment was made in December 2020, and that the regularly scheduled payment amount is $1,902.00. The report further states that the line item was updated from the processing of Ms. Pogue's dispute in May 2021. The reporting is inaccurate as Ms. Pogue has no *in personam* or individual liability on the subject account and/or that Ms. Pogue does not owe a balance on the subject account.

16. Experian provided an updated credit report, in conjunction with the investigation results letter, which reflects that the account balance as of May, 2021 is $266,079.00 and that the regularly scheduled payment amount is $1,902.00. The report further states that the line item was updated from the processing of Ms. Pogue's dispute in May 2021. The reporting is inaccurate as Ms. Pogue has no *in personam* or individual liability on the subject account and/or that Ms. Pogue does not owe a balance on the subject account.

17. On May 25, 2021, Trans Union, LLC mailed an updated post-dispute report to Ms. Pogue which does not contain any item reported by Selene.

18. Selene verified and/or reverified the false reporting to Equifax, Experian and/or Trans Union.

19. Equifax and Experian published the information to third-parties through its credit reporting database.

20. Equifax and Experian failed in their duty to reinvestigate the dispute filed by Ms. Pogue.

21. The dispute was resolved in favor of Selene without the correction and/or deletion of the inaccurate information related to the mortgage loan account.

22. Notwithstanding the dispute filed by Ms. Pogue, Selene verified and/or reverified the account and relevant information to Equifax and Experian.

23. Notwithstanding the dispute filed by Ms. Pogue, Equifax and Experian failed and/or refused to accurate report the account.

24. Defendants' negligent and/or willful violations of the Fair Credit Reporting Act, federal law, and/or state law have caused Ms. Pogue to suffer mental distress, embarrassment, frustration and humiliation, and loss of money which Ms. Pogue will in the future continue to suffer the same.

25. Ms. Pogue has abstained from applying for credit, had adverse action taken on existing credit accounts and/or been denied credit, and sustained actual damages including emotional distress and pecuniary loss.

26. Ms. Pogue has dedicated a significant amount of time to her efforts to have her credit reports reflect accurately.

26. Because of Defendants' unlawful conduct, Ms. Pogue is entitled to damages (actual, punitive and statutory, as available), attorney's fees, and all other appropriate measures of relief to punish and deter similar future conduct by Defendants.

## CAUSES OF ACTION

### COUNT I – AGAINST SELENE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681, *et seq.*

27.  Ms. Pogue incorporates herein by reference each of the foregoing paragraphs.

28.  Selene <u>violated</u> the FCRA. All actions taken by employees, agents, servants, or representatives of any type for Selene were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

29.  Selene, in response to Ms. Pogue's dispute, willfully and/or negligently verified and/or reverified the accuracy of the false and derogatory information it had furnished and continues to furnish to one or more credit reporting agencies, specifically including Equifax and Experian.

30.  In the entire course of its actions, Selene, as a furnisher of information, willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a.  By willfully and/or negligently failing to fulfill its duties as listed within section 15 U.S.C. §1681s-2(b), to wit:

   (1)  failing to conduct a reasonable investigation with respect to the information disputed by Ms. Pogue, after having received notice of the dispute from one or more credit reporting agencies;

   (2)  failing to review all relevant information provided by Ms. Pogue; and

   (3)  failing to modify, delete and/or permanently block information relating to the subject account as said account is being reported within Ms. Pogue's credit disclosure files.

   b.  defaming Ms. Pogue by publishing to third parties false and derogatory information regarding his creditworthiness

   c.  invading the privacy of Ms. Pogue; and

   d.  failing in its duty to prevent foreseeable injury to Ms. Pogue.

31.     The foregoing acts and omissions were undertaken by Selene willfully, intentionally, knowingly and/or in gross reckless disregard for the rights of Ms. Pogue.

32.     As a result of the above violations of the FCRA, Selene is liable to Ms. Pogue for a declaratory judgment that Selene's conduct violated the FCRA. Selene is further liable to Ms. Pogue for damages (actual, statutory and punitive, as available), and costs and attorney's fees, under the FCRA, pursuant to 15 U.S.C. § 1681n, for any conduct determined to be willful, and pursuant to § 1681o, for any conduct determined to be reckless and/or negligent.

**WHEREFORE**, Ms. Pogue prays that judgment be entered against Selene as follows:

a)   a declaratory judgment that Selene violated the FCRA;

b)   a declaratory judgment that Selene acted intentionally, willfully, negligently and/or in reckless disregard of Ms. Pogue's rights and Selene's obligations under the FCRA;

c)   an award of damages (actual, statutory and punitive, as available) to Ms. Pogue as provided by the FCRA;

d)   an award of reasonable attorney's fees and costs as provided by the FCRA; and

e)   an award of such other and further relief, in law and/or equity, as this Honorable Court may deem just and appropriate.

### COUNT II – AGAINST EXPERIAN AND EQUIFAX
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681, *et seq.*

33.     Ms. Pogue incorporates herein by reference each of the foregoing paragraphs.

34.     During the entire course of their actions, Equifax and Experian willfully and/or negligently violated the provisions of the FCRA as follows:

    a.    by willfully and/or negligently failing, in the preparation of the consumer reports concerning Ms. Pogue, to follow reasonable procedures to assure maximum possible accuracy of the information within the reports;

    b.    by willfully and/or negligently failing to comport with 15 U.S.C. § 1681i;

    c.    by defaming Ms. Pogue by publishing to third parties false and derogatory information regarding his creditworthiness;

    d.    by invading the privacy of Ms. Pogue; and

    e.    by failing in its duty to prevent foreseeable injury to Ms. Pogue.

35.    The foregoing acts and omissions were undertaken by Equifax and Experian willfully, intentionally, knowingly and/or in gross reckless disregard for the rights of Ms. Pogue.

36.    As a result of the above violations of the FCRA, Equifax and Experian is liable to Ms. Pogue for a declaratory judgment that their conduct violated the FCRA. Equifax and Experian are further liable to Ms. Pogue for damages (actual, statutory and punitive, as available), and costs and attorney's fees, under the FCRA, pursuant to 15 U.S.C. § 1681n, for any conduct determined to be willful, and pursuant to § 1681o, for any conduct determined to be reckless and/or negligent.

    **WHEREFORE**, Ms. Pogue prays that judgment be entered against Equifax and Experian as follows:

    a)    a declaratory judgment that these Defendants violated the FCRA;

    b)    a declaratory judgment that these Defendants acted intentionally, willfully, negligently and/or in reckless disregard of Ms. Pogue's rights and these Defendants' obligations under the FCRA;

    c)    an award of damages (actual, statutory and punitive, as available) to Ms. Pogue as provided by the FCRA;

d)   an award of reasonable attorney's fees and costs as provided by the FCRA; and

e)   an award of such other and further relief, in law and/or equity, as this Honorable Court may deem just and appropriate.

**RESPECTFULLY SUBMITTED** this the 29th day of July 2021.

/s/ Anthony B. Bush
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff Pamela Pogue*

**The Bush Law Firm, LLC**
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone:       (334) 263-7733
Facsimile:   (334) 832-4390
Bar Id. #:   ASB-7306-A54B
Email:       abush@bushlegalfirm.com


Equifax Information Services, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Selene Finance, LP
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104